Phyllis Jean PHILLIPS; Stephen A. Phillips; Joan H. Labow; Jeffrey Labow; Kathryn A. Bond; Roberta DeGennaro; Nicholas DeGennaro, Plaintiffs–Appellants,

v.

G.D. SEARLE & COMPANY, Defendant–Appellee,

and

Hugh J. Davis, M.D.; A.H. Robins Company, a Virginia Corporation; Searle Laboratories, a Division of Searle Pharmaceuticals, Inc., Defendants.

Laura STONE–PIGOTT, Vicki L. Hughes; Bonnie Georgia, Plaintiffs–Appellees,

v.

G.D. SEARLE & COMPANY, Defendant–Appellant.

Phyllis Jean PHILLIPS; Stephen A. Phillips, Plaintiffs–Appellants,

v.

G.D. SEARLE & COMPANY, Defendant–Appellee,

and

Hugh J. Davis, M.D.; A.H. Robins Company, a Virginia Corporation, Defendants.

Joan H. LABOW; Jeffrey Labow, Plaintiffs–Appellants,

v.

G.D. SEARLE & COMPANY, Defendant–Appellee,

and

Hugh J. Davis, M.D.; A.H. Robins Company, a Virginia Corporation, Defendants.

Kathryn A. BOND, Plaintiff–Appellant,

v.

G.D. SEARLE & COMPANY, Defendant–Appellant.

Roberta DEGENNARO; Nicholas DeGennaro, Plaintiffs–Appellants,

v.

G.D. SEARLE & COMPANY; Searle Laboratories, a Division of Searle Pharmaceuticals, Inc., Defendants–Appellees.

Nos. 87–1647, 87–1678, 87–1679 and 87–1680.

United States Court of Appeals, Fourth Circuit.

Argued July 27, 1989.

Decided Sept. 12, 1989.

H. Robert Erwin, Jr., (Michael A. Pretl, Pretl & Erwin, P.A., Baltimore, Md., on brief), for plaintiffs-appellants.

James Lindsay Shea, William Warren Hamel (Paul F. Strain, Venable, Baetjer & Howard, Baltimore, Md., Vicki A. Thompson, Ronald R. Marich, G.D. Searle & Co., Skokie, Ill., on brief), for defendant-appellee.

Before RUSSELL, WIDENER, and CHAPMAN, Circuit Judges.

PER CURIAM:

Appellants Phyllis Phillips, Joan Labow, Kathryn Bond and Roberta DeGennaro appeal the district court's decision to grant G.D. Searle & Co. ("Searle") summary judgment in their four consolidated products liability actions. The court held that the three year statute of limitations had expired before the appellants filed suit. Searle cross appeals the district court's denial of its motion for summary judgement against three other plaintiffs: Bonnie Georgia, Laura Stone–Pigott and Vicki Hughes. We find the district court's decision, *Stone–Pigott v. G.D. Searle & Co.*, 660 F.Supp. 366 (D.Md.1987), to be well-reasoned, extremely fact specific and in agreement with recent developments in Maryland law. Accordingly, we affirm.

In the original proceedings in the district court, the cases of the appellants and the cross-appellees (the "Plaintiffs") were consolidated for pre-trial discovery. In each case, the plaintiff alleged severe personal injuries to their reproductive organs as a result of pelvic infections caused by their use of the Copper–7 intrauterine device (the "Cu–7"), manufactured and marketed by Searle. Their causes of action were upon theories of negligence, strict liability, fraudulent misrepresentation and breach of warranty. As in other IUD cases, the time between insertion and removal of the Cu–7 and the onset of injuries is not uniform and may be a term of many years. Such was the case with each of the eight plaintiffs. Consequently, the plaintiffs did not file suit until years after their Cu–7s had been inserted and removed. The district court, in its opinion, gave a detailed summary of all the relevant dates and occurrences in each individual case.

Searle moved for summary judgment in all eight cases under the Maryland statutes of limitations. Under the Maryland statutes, actions for negligence, strict liability and fraudulent misrepresentation are barred three years after the cause of action

accrues. Md. Cts. & Jud.Proc.Code Ann. § 5–101 (1984). Actions for breach of warranty are barred four years after the date of delivery of the product. Md.Comm.Law Code Ann. § 2–725 (1975).

The district court found that the breach of warranty claims were barred in all eight of the suits since the period of limitations began to run upon delivery of the Cu–7. *Stone–Pigott,* 660 F.Supp. at 371. However, the district court held that the discovery rule applied in the other causes of action. After thoroughly reviewing the facts in each plaintiff's case, the court found that the cause of action had accrued under the discovery rule more than three years prior to the filing of suit by Phillips, Labow, Bond and DeGennaro. However, the court determined that plaintiffs Georgia, Stone–Pigott and Hughes had filed their respective suits within three years of "discovery" of their cause of action. Therefore, Searle's motions for summary judgment were granted in the Phillips, Labow, Bond and DeGennaro cases but denied in the Georgia, Stone–Pigott and Hughes cases.

Interlocutory appeal of the ruling was allowed in this consolidated case. The dismissal of the breach of warranty claims was not appealed. The case was briefed and argued before this court on February 2, 1988. However, the decision in the case was deferred when a discovery rule question, similar to the issue involved in the present appeal, was certified by Judge Ramsey of the District of Maryland to the Maryland Court of Appeals.

The question which Judge Ramsey certified was:

Whether under the discovery rule, knowledge of the manufacturer's wrongdoing or of product defect is required, in addition to knowledge of possible causation, to trigger the statute of limitations in a medical products liability action.

*Pennwalt Corp. v. Nasios,* 314 Md. 433, 435, 550 A.2d 1155, 1156 (1988).

The Maryland Court of Appeals answered the question as follows:

If the District Court used the word knowledge to mean clear and unequivocal proof that a certain manufacturer's negligence produced a defective product, then we would answer the question no. If use of the term knowledge means express or implied knowledge of the injury, its probable cause, and probable manufacturer wrongdoing or product defect, then we would answer the question yes.

*Id.* at 456, 550 A.2d at 1167.

After release of the *Pennwalt Corp.* opinion, this case was re-argued before the panel with specific attention paid to the impact *Pennwalt Corp.* would have on the instant appeal.

After reviewing the *Pennwalt Corp.* decision and the record below, we conclude that the district court was correct in granting summary judgment to Searle in the Phillips, Labow, Bond and DeGennaro cases. The district court's opinion gives a thorough review of the material facts as to each plaintiff and reveals when each woman's cause of action accrued under the Maryland discovery rule. The district court properly concluded that the actions of Phillips, Labow, Bond and DeGennaro were barred under the Maryland statute of limitations, their actions having accrued more than three years before they filed suit, and *Pennwalt Corp.* does not change that result. These women all had some personal belief, more than three years before they filed their suits, that the Cu–7 had caused their injuries. In fact, several had been told by their doctors that the IUD had caused their injuries. Therefore, they had reasonable notice of either possible wrongdoing by Searle or possible defects in the Cu–7. As such, their causes of action accrued under the Maryland discovery rule, and the three year period expired before they filed suit.

Conversely, plaintiffs Georgia, Stone–Pigott and Hughes did not meet the Mary-

land criteria of the discovery rule. They had neither a personal belief nor a professional opinion, more than three years prior to filing their suits, that the Cu–7 had caused their injuries. Without a belief that the Cu–7 was responsible for their injuries, they did not satisfy the probable cause prong of the discovery rule as stated in *Pennwalt Corp.* Since their causes of action did not accrue more than three years before they filed suit, they are not barred by the statute of limitations. Consequently, Searle's motion for summary judgment as to these plaintiffs was correctly denied.

AFFIRMED.