**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3781
_____

DOLORES DAWES-LLOYD,
Appellant

v.

PUBLISH AMERICA, LLLP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-09-cv-02387)
District Judge:  Honorable C. Darnell Jones II

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 12, 2011
Before:  JORDAN, GARTH and BARRY, Circuit Judges

(Opinion filed: August 12, 2011)

_____

OPINION
_____

PER CURIAM

Dolores Dawes-Lloyd appeals the District Court's order granting Appellee's

motion for summary judgment.  For the reasons below, we will affirm the District Court's

order.

In June 2003, Dawes-Lloyd gave appellee Publish America license to publish and

sell her book, A Child's Intuition, in exchange for royalties. In 2004, Dawes-Lloyd requested termination of the contract. In 2005, she filed suit in state court in Maryland and sought an accounting of the sales of the book and the royalties due. The matter was arbitrated, and in May 2007, the arbitrator awarded Dawes-Lloyd $6.70 in royalties based on the sale of seven copies of the book. He noted that Dawes-Lloyd provided no evidence of additional copies of the book being sold. The arbitrator also concluded that the license had been terminated.

In June 2009, Dolores Dawes-Lloyd filed a complaint in the District Court for the Eastern District of Pennsylvania against Publish America. She alleged that Publish America infringed on her copyright after agreeing to terminate their contract. In her complaint, Dawes-Lloyd claimed that Publish America had sold the book rights to a foreign publishing company and the marketing rights to the television show America's Most Wanted.

Publish America moved for summary judgment. It contended that Dawes-Lloyd had never registered her copyright and that her factual allegations were insufficient to state a claim of copyright infringement. In her opposition to summary judgment, Dawes-Lloyd asserted that she had registered the copyright. However, she offered no evidence of registration, nor any evidence that Publish America infringed on her copyright. In response, Publish America provided proof that they had searched the records of the United States Copyright Office and found no listings for Dawes-Lloyd or her book. The District Court granted summary judgment on the ground that Dawes-Lloyd had not

2

registered her copyright. See Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1241-42 (2010). Dawes-Lloyd filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1292 and review the District Court's order granting Appellee's motion for summary judgment de novo. Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 203 (3d Cir. 2005). Dawes-Lloyd devotes most of her brief to criticizing Appellee's business practices. However, she did not raise any claims of fraud in her complaint or amended complaint. The issue before us is whether the District Court correctly granted summary judgment on her copyright infringement claim. An action for infringement of a copyright may not be brought until the copyright is registered. 17 U.S.C. § 411(a). In the District Court, Dawes-Lloyd submitted no proof that she had registered her copyright or that Publish America had infringed upon her copyright after their contract was terminated. In her notice of appeal, Dawes-Lloyd appears to admit that she did not register the copyright: "I realize now that I had a responsibility to see that my copyrights for 'A CHILD'S INTUITION' was registered with the proper authorities." According to her exhibits submitted in opposition to summary judgment, she registered her book with a "creative registry" that explicitly stated that it does not provide a formal copyright. We conclude that because Dawes-Lloyd did not hold a registered copyright, she could not state a prima facie case of copyright infringement, and that the District Court therefore properly granted Appellee's motion for summary judgment.

For the above reasons, we will affirm the District Court's judgment. Appellee's motion to file a supplemental appendix is granted.