**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3269
_____

DOLORES DAWES,
                              Appellant

v.

PUBLISH AMERICA LLLP, A Limited Liability Limited Partnership;
PUBLISH AMERICA, INC., A Corporation
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-06912)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2014
Before:  RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Opinion filed: April 10, 2014)
_____

OPINION
_____

PER CURIAM

        Dolores Dawes appeals the District Court's order granting a motion to dismiss

filed by Publish America, LLLP and Publish America, Inc. ("Publish America").  For the

reasons below, we will affirm the District Court's order.

1

In June 2003, Dawes, a Pennsylvania resident, assigned the right to publish and sell her book, A Child's Intuition, to Publish America, a company based in Maryland. The next year, a dispute arose between the parties concerning whether Publish America was performing its duties under the contract. In 2005, Dawes filed suit in state court in Maryland, seeking an accounting of the sales of the book and the royalties due. The matter was arbitrated, and in May 2007, Dawes was awarded royalties based on the sale of seven copies of the book. In 2009, Dawes filed a claim for copyright infringement in the United States District Court for the Eastern District of Pennsylvania. The District Court dismissed the claim because Dawes had never registered the copyright. Dawes appealed, and we affirmed, holding that Dawes "submitted no proof that she had registered her copyright or that Publish America had infringed upon her copyright after their contract was terminated." Dawes-Lloyd v. Publish America, LLLP, 441 F. App'x 956, 957 (3d Cir. 2011) (not precedential).

Dawes filed the instant action in November 2011, alleging that Publish America fraudulently induced her to enter into the contract, breached the contract by failing to register her copyright, and infringed her copyright by selling the book without her permission. Publish America filed a motion to dismiss or for summary judgment. The District Court granted the motion to dismiss, citing Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction) and 12(b)(6) (failure to state a claim upon which

2

relief can be granted), as well as 28 U.S.C. § 1406(a) (pertaining to "venue in the wrong division or district"). Dawes appealed.[1]

The District Court held that dismissal was mandated by a forum selection clause in the contract, which provided that "Author and Publisher irrevocably submit to the jurisdiction of any Maryland State or Federal court sitting in the City of Frederick over any suit related to this agreement."[2] This was error, however, because the forum selection clause – which did not make jurisdiction in Maryland exclusive – was permissive, not mandatory.[3] See Dunne v. Libbra, 330 F.3d 1062, 1063 (8th Cir. 2003)

---

[1] We note that specific personal jurisdiction has been established through the contractual relationship between Publish America and Dawes. See Remick v. Manfredy, 238 F.3d 248, 256 (3d Cir. 2001) (stating that "we expressly acknowledged that in many instances, personal jurisdiction can arise primarily from a nonresident defendant's contract with a forum resident.").

[2] The contract also provided that "[a]ll unresolved disputes and controversies of any kind and nature within the scope of this agreement . . . shall be submitted to an Arbitrator . . . . The arbitration shall be conducted in the City of Frederick, Maryland . . ., and the decision of the arbitrator shall be final and binding on the parties to the proceeding, subject only to the right of judicial relief as prescribed by law. This agreement shall be governed and construed in accordance with the laws of the State of Maryland." Publish America did not file a motion to compel arbitration. See Gray Holdco, Inc. v. Cassady, 654 F.3d 444, 451 (3d Cir. 2011) (discussing waiver of right to compel arbitration).

[3] If the forum selection clause was mandatory, it would be entitled to a presumption of enforceability. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). But that presumption can be overcome when, as here, "extraordinary circumstances unrelated to the convenience of the parties" clearly disfavor a transfer. Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tx., 134 S. Ct. 568, 581 (2013); see also Martinez v. Bloomberg LP, -- F.3d --, 2014 WL 114252, at *5-6 (2d Cir. 2014) (factoring mandatory-permissive analysis into Atlantic Marine approach). Transfer under the forum selection clause would be useless because, as described below, Dawes's claims are plainly barred.

3

(noting distinction between permissive and mandatory forum selection clauses); see also Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere," whereas "[a] mandatory clause . . . dictates an exclusive forum for litigation under the contract." (internal quotation marks omitted)). If the contract does not contain a mandatory forum selection clause, then a *forum non conveniens* analysis applies. See Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V., 145 F.3d 505, 509-10 (2d Cir. 1998).

Although the District Court failed to apply such an analysis here, any error was harmless. The ends of justice would certainly not be furthered if we forced the District Court to take more action on a permissive forum selection clause that ultimately will not affect the outcome of the case. See Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 632 (3d Cir. 1989) ("In deciding whether to dismiss a case for forum non conveniens, 'the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice.'" (quoting Koster v. Lumbermens Mut. Casualty Co., 330 U.S. 518, 527 (1947))). Here, every reasonable adjudicator, regardless of venue, would dismiss Dawes's case because, as Publish America correctly alleged, her claims are clearly barred by the applicable statute of limitations and res judicata. See Ball v. Famiglio, 726 F.3d 448, 459 n.16 (3d Cir. 2013) (noting that both statute of limitations and res judicata may be raised in a 12(b)(6) motion to dismiss).

4

Dawes alleged that Publish America fraudulently induced her to enter into the contract and breached the contract by failing to register her copyright.[4] We agree with Publish America's contention that these claims are barred by Maryland's three-year statute of limitations.[5] See Goodman v. Praxair, Inc., 494 F.3d 458, 463-64 (4th Cir. 2007) (recognizing that breach of contract actions in Maryland are governed by a three-year statute of limitations); Phillips v. G.D. Searle & Co., 884 F.2d 796, 797 (4th Cir. 1989) (stating that [u]nder the Maryland statutes, actions for . . . fraudulent misrepresentation are barred three years after the cause of action accrues." (citing Md. Cts. & Jud. Proc. Code Ann. § 5-101)); see also Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 358 n.5 (3d Cir. 1986) (discussing enforceability of a forum selection clause in Maryland). These claims accrued by 2004, when Dawes stated that she became aware of Publish America's alleged failure to "honor" the contract. See Poffenberger v. Risser, 431 A.2d 677 (Md. 1981) (holding that, under the discovery rule, "the cause of action accrues when the claimant in fact knew or reasonably should have

---

[4] To the extent that Dawes alleged that Publish America infringed her copyright by selling the book without her permission, we agree with Publish America's assertion in its motion to dismiss that res judicata bars that claim, which we rejected in a prior suit. Dawes-Lloyd, 441 F. App'x at 956; Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (noting that res judicata bars claims that were actually litigated or could have been litigated in the prior action).

[5] The contract provided that it would be governed by Maryland law. See footnote 2, *supra*. Neither party has alleged that this choice of law provision is invalid or inapplicable. See Neely v. Club Med Mgmt. Servs., 63 F.3d 166, 180 & n.10 (3d Cir. 1995) (en banc) (concluding that "choice of law issues may be waived").

5

known of the wrong."). Accordingly, the fraudulent inducement and breach of contract claims raised in Dawes's 2011 complaint are time-barred.[6]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] We also note that there is no merit to Dawes's assertion that Publish America breached the contract by failing to register her copyright. Contrary to Dawes's belief, the contract did not obligate Publish America to register a copyright. Instead, it merely stated that "[c]opyright shall be taken out in the name of Author in the United States, and in foreign countries as the Publisher may deem advisable." See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (recognizing "an exception to the general rule [that matters extraneous to the pleadings may not be considered on a motion to dismiss] is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." (citation and internal quotation marks omitted)).