Reversed and remanded by published opinion. Judge THACKER wrote the opinion, in which Judge FLOYD joined. Judge TRAXLER wrote a dissenting opinion.
THACKER, Circuit Judge:
Brilliant Semenova (“Appellant”) sued the Maryland Transit Administration (“Ap-pellee”) pursuant to the Americans with Disabilities Act (“ADA”), alleging disability discrimination in its provision of public services. The ADA does not include a statute of limitations, so the district court applied the two-year statute of limitations from Maryland’s Anti-Discrimination Law (the “Maryland Law”) and dismissed the suit as untimely. But because the Maryland Law does not contain a cause of action for disability discrimination in the provision of public services, the closer state-law analog to Appellant’s claim is a general civil action, which is subject to a three-year statute of limitations. Applying this more analogous statute of limitations, we reverse and remand because the complaint here alleges discrimination occurring within three years of its filing.
I.
On October 30, 2014, Appellant filed a complaint in the United States District Court for the District of Maryland alleging Appellee violated Title II of the ADA in operating its commuter bus service.[1] Appellant alleges that although she suffers from cerebral palsy and uses a walker or crutches, “[o]n numerous occasions, beginning in or about October, 2011 ... and continuing through 2012,” bus operators refused to use an assistance lift or otherwise assist her in boarding the bus. J.A. 7.[2] Because she relied on the bus to attend classes at the Community College of Baltimore County, Appellant alleges, this discrimination forced her withdrawal from school “in the summer of 2012.” Id. at 8.
Appellee moved to dismiss on timeliness grounds, arguing that because the ADA does not provide a statute of limitations, ADA claims brought in Maryland are subject to the two-year statute of limitations found in the Maryland Law; and the last alleged discriminatory act was over two years before Appellant filed her complaint. Appellant responded that her complaint was timely because Maryland’s three-year statute of limitations for general civil actions applies to her claim.
In response, the district court issued a one-page memo, containing only one paragraph explaining why it sided with Appel-lee, and dismissed Appellant’s complaint. Without further illumination, the district court acknowledged that the Maryland Law “does not expressly apply to disability claims related to public accommodations” but nevertheless concluded, “the Fourth Circuit would find the two year limitations *567 period [contained in the Maryland Law] to be the one that should” apply to Appellant's claim. J.A. 36. In a separate order without further reasoning, the district court dismissed the complaint as untimely. This appeal followed.
II.
We review de novo dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), assuming as true the complaint’s factual allegations and construing “all reasonable inferences” in favor of the plaintiff. Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 702 (4th Cir. 2016) (internal quotation marks omitted). A court may grant a 12(b)(6) motion on statute of limitations grounds only “if the time bar is apparent on the face of the complaint.” Dean v. Pilgrim’s Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005).
III.
Because Title II of the ADA does not contain a statute of limitations, federal courts “borrow the state statute of limitations that applies to the most analogous state-law claim.” A Soc’y Without A Name v. Virginia, 655 F.3d 342, 347 (4th Cir. 2011). Although “the most analogous statute need not be identical,” state legislation containing a statute of limitations will only control if it provides substantially “the same rights and remedies” as the ADA. Wolsky v. Med. Coll, of Hampton Roads, 1 F.3d 222, 224-25 (4th Cir. 1993). In A Society Without A Name v. Virginia, for example, we considered the applicable limitations period for ADA claims brought in Virginia. See 655 F.3d at 347-48. We held that the one-year statute of limitations in the Virginia Rights of Persons with Disabilities Act applies, given the state law’s express pronouncement that regulations promulgated pursuant to the statute “shall be consistent, whenever applicable,” with the ADA. Id. at 348 (quoting Va. Code. Ann. § 51.5-40).
Given the substantially similar language between the ADA and the Rehabilitation Act, see A Soc’y Without A Name, 655 F.3d at 347, we have applied the same analysis to determine the applicable statute of limitations for Rehabilitation Act claims. Thus, in Wolsky v. Medical College of Hampton Roads, we held that the statute of limitations in the Virginia Rights of Persons with Disabilities Act also applies to Rehabilitation Act claims brought in Virginia, instead of the more general statute of limitations for personal injury claims. See 1 F.3d at 225. We deemed the Virginia law an “exact state law counterpart” to the Rehabilitation Act because it tracks the language of the federal law, requires regulations promulgated pursuant to state law to be consistent with the federal law, and affords the same remedies as the federal law. Id. at 224-25.
Similarly, in McCulloch v. Branch Banking & Trust Co., we held that the 180-day statute of limitations in the North Carolina Handicapped Persons Protection Act applies to Rehabilitation Act claims brought in that state. See 35 F.3d 127,132 (4th Cir. 1994). In so holding, we relied in part on the statute’s prohibition of the same type of discrimination alleged in the underlying complaint. See id. at 130.
Critically, however, the Maryland Law does not provide Appellant “the same rights and remedies” as the ADA because it does not provide a cause of action for disability discrimination in the provision of public services. Wolsky, 1 F.3d at 224. Rather, the closer state-law analog to such an ADA claim is Maryland’s more general statute of limitations, requiring plaintiffs to file civil actions “within three years from the date it accrues unless another provision of the Code provides” otherwise. *568 Md. Code Ann., Cts. & Jud. Proc. § 5-101; see A Soc’y Without A Name, 655 F.3d at 347.
In A Society Without A Name, Wolsky, and McCulloch, we applied state statutes of limitations to federal claims, at least in part, because the relevant state laws also allowed claims for the same type of discrimination the plaintiffs alleged pursuant to federal law. See N.C. Gen. Stat. Ann. §§ 168A-5(a) (prohibiting disability employment discrimination), -11 (creating “civil action to enforce rights granted or protected by this chapter”); Va. Code. Ann. §§ 51.5-40, (prohibiting disability discrimination in programs receiving state funding), -46 (creating cause of action to enforce “the rights set forth in this chapter”). In stark contrast to the broad enforcement mechanisms these statutes include, the Maryland Law only recognizes causes of action in limited circumstances. See, e.g., Md. Code Ann., State Gov’t § 20-1035 (creating cause of action for disability housing discrimination); § 20-1013 (creating cause of action for disability employment discrimination). And although the Maryland Law allows claims based on local anti-discrimination laws in Howard, Montgomery, and Prince George’s Counties, which prohibit discrimination in public accommodations, see § 20-1202; Md., Howard Cty. Code § 12.210; Md., Montgomery Cty. Code, §§ 27-10, -11; Md., Prince George’s Cty. Code §§ 2-186, 2-220, we are not tasked with finding the closest local analog to federal law, but the closest state analog. See A Soc’y Without A Name, 655 F.3d at 347.
Further, the holding below was an outlier in the District of Maryland, which has held time and again that ADA claims are subject to Maryland’s three-year statute of limitations governing general civil actions. See, e.g.,_Innes v. Bd. of Regents of Univ. Sys. of Md., 29 F.Supp.3d 566, 572 (D. Md. 2014); Schalk v. Associated Anesthesiology Practice, 316 F.Supp.2d 244, 251 (D. Md. 2004); Ross v. Bd. of Educ. of Prince George’s Cty., 195 F.Supp.2d 730, 735 n.2 (D. Md. 2002); Speciner v. NationsBank, N.A., 215 F.Supp.2d 622, 634 (D. Md. 2002); Kohler v. Shenasky, 914 F.Supp. 1206, 1211 (D. Md. 1995). Although the District of Maryland decided most of these cases before recent amendments to the Maryland Law that created a cause of action for disability employment discrimination, see H.B. 54, 2009 Leg., 426th Sess. (Md. 2009) (codified as amended at Md. Code Ann., State Gov’t § 20-1035), and expanded protections for persons with disabilities or records of disability, see H.B. 393, 2009 Leg., 426th Leg., (Md. 2009) (codified as amended at §§ 20-601, -603, -606), those amendments did nothing to modify the rights and remedies of a plaintiff in Appellant’s shoes who alleges discrimination in the provision of public services.
Thus, we hold that Appellant’s claim is subject to a three-year statute of limitations. We need not decide whether the complaint alleges discrimination occurring as Appellant argues, “through [the end of] 2012,” or, as Appellee argues, no later than the summer of 2012 when Appellant withdrew from school. Because Appellant filed her complaint on October 30, 2014, either date would fall within the three-year filing period. The district court thus erred by dismissing Appellant’s claim as untimely.
IV.
For the foregoing reasons, we reverse the district court’s dismissal and remand for further proceedings.

REVERSED AND REMANDED

. Title II applies to public entities, including state and local governments and their instru-mentalities, see 42 U.S.C. § 12131(1), and prohibits disability discrimination in the provision of public transportation services, see § 12132; 49 C.F.R. § 37.5.

. Citations to the "J.A.” refer to the Joint Appendix filed by the parties in this appeal.