**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1692**

KATHLEEN MUNIVE,

Plaintiff - Appellant,

v.

FAIRFAX COUNTY SCHOOL BOARD; DEBRA REEDER; KEVIN NORTH; JACK DALE; PHYLLIS PAJARDO,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:16-cv-01075-GBL-IDD)

Submitted: September 19, 2017                    Decided: November 7, 2017

Before DUNCAN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Kathleen Munive, Appellant Pro Se. Laurie Kirkland, BLANKINGSHIP & KEITH, PC, Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kathleen Munive appeals the district court's order dismissing her complaint raising retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012), and 42 U.S.C. § 1983 (2012). On appeal, Munive does not contest the district court's dismissal of her § 1983 claims. Accordingly, we affirm this portion of the district court's order. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014); *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.4 (4th Cir. 2004). Because we agree with Munive that the district court erred in dismissing her Title VII claim, we vacate this portion of the district court's order and remand for further proceedings.

We review de novo a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and "draw[ing] all reasonable inferences in favor of the [nonmoving party]." *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A court may grant a [Rule] 12(b)(6) motion on statute of limitations grounds only if the time bar is apparent on the face of the complaint." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted).

For a plaintiff to bring a retaliation claim pursuant to Title VII, she must establish that she suffered an adverse action. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d

2

562, 578 (4th Cir. 2015). "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). An adverse action need not affect the terms and conditions of employment. *Id.* at 64. However, there must be "some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it." *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015).

Here, Munive contends that, after she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), her employer retaliated against her by failing to remove a reprimand letter from her personnel file as promised and that she lost out on a promotion because the letter remained in her file. We conclude that these facts are sufficient to state a retaliation claim. In *Adams*, we noted that reprimands and poor performance evaluations alone "are much less likely to involve adverse employment actions than the transfers, discharges, or failures to promote whose impact on the terms and conditions of employment is immediate and apparent." *Id.* The plaintiff's claim in *Adams* failed because he "failed to link such matters . . . to some material change in the conditions of his employment." *Id.* However, here, Munive alleged that the failure to remove the reprimand letter cost her a promotion, and we have held that the denial of a promotion constitutes an adverse action under Title VII's antiretaliation provision. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011). A reasonable employee could well be dissuaded from opposing unlawful conduct if she

3

knows that her opportunities for promotion could be lost by her employer refusing to remove a reprimand, as promised, because she has engaged in protected activity.

Although Munive concedes she cannot challenge the reprimand itself, we conclude that the statute of limitations does not bar our consideration of the collateral consequences flowing from the reprimand. Before a plaintiff may file suit under Title VII, she is required to file a charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1). In the case of a state, such as Virginia, that has a deferral agency, the plaintiff must file her EEOC charge within 300 days of the alleged discriminatory act. *Id.*; *see Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 440 (4th Cir. 1998), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Morgan*, 536 U.S. at 114 (internal quotation marks omitted). We conclude that the denial of Munive's request to remove the reprimand letter constituted a discrete act of retaliation. Importantly, Munive does not contend that the reprimand itself was unlawful. *Cf. Martin v. Sw. Va. Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998) ("An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination." (internal quotation marks omitted)). While discovery may ultimately prove that Munive's claims are time-barred or that no retaliation occurred, Munive has pled a plausible claim of retaliation, and the complaint does not reflect facts to support a statute of limitations defense. *Semenova*, 845 F.3d at 567.

Accordingly, we affirm the district court's order as to Munive's § 1983 claim, vacate it as to the Title VII retaliation claim, and remand for further proceedings. We

4

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*VACATED IN PART; AND REMANDED*