**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-2228**

_____

CALVIN TYRONE NORTON,

               Plaintiff - Appellant,

      v.

KEVIN TABRON, in his personal capacity and his official capacity as S.B.I. Special Agent for the Coastal District of North Carolina; BRENNAN REGNER, in his personal capacity and his official capacity as S.B.I. Special Agent for the Coastal District of North Carolina; JONATHAN DAVID, a/k/a Jon David, in his personal capacity and his official capacity as District Attorney for the 13th Prosecutorial District of North Carolina; DANIEL THURSTON, in his personal capacity and his official capacity as Assistant District Attorney for the 13th Prosecutorial District of North Carolina; LEWIS HATCHER, in his personal capacity and his official capacity Sheriff of Columbus County, North Carolina; ROBBIE SELLERS, in his personal capacity and his official capacity as Lieutenant of Columbus Detention Center; JEFFREY ROSIER, in his personal capacity and his official capacity as Chief of Police of the Whiteville Police Department; AARON HERRING, in his personal capacity and his official capacity as Sergeant Detective for the Criminal Division of the Whiteville Police Department; STEVEN STRICKLAND, in his personal capacity and his official capacity as Police Officer of the Whiteville Police Department,

               Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, Louise W. Flanagan, District Judges. (7:16-cv-00056-FL)

_____

Submitted: February 28, 2018                Decided: March 15, 2018

_____

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Calvin Tyrone Norton, Appellant Pro Se. David John Adinolfi, II, Special Deputy Attorney General, Jennifer Joy Strickland, Assistant Attorney General, Tammera Sudderth Hill, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; Bradley O. Wood, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina; Clay Allen Collier, CROSSLEY MCINTOSH COLLIER HANLEY & EDES PLLC, Wilmington, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Tyrone Norton appeals the district court's orders granting in part Appellees' motions to dismiss his 42 U.S.C. § 1983 (2012) complaint, approving discovery of certain confidential documents subject to a protective order, and granting summary judgment in favor Appellees Kevin Tabron and Brennan Regner as to his surviving Fourth Amendment claims. For the reasons that follow, we affirm.

Initially, Norton's appellate pleadings fairly challenge only the dismissal of his claims for relief under the Fourth Amendment. We therefore confine our review of the dismissal order to those claims.[*] *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (limiting appellate review to issues raised in informal brief); *see also In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) (recognizing that issues newly raised on appeal are not considered absent exceptional circumstances); *United States v. IDF Data Sols.*, 650 F.3d 445, 455 (4th Cir. 2011) (declining to consider issues first raised in reply).

We review the district court's dismissal order de novo. *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (Fed. R. Civ. P. 12(b)(6) dismissal); *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 333 (4th Cir. 2014) (Fed. R. Civ. P. 12(b)(1)

---

[*] Insofar as Norton's brief could also be construed to challenge the dismissal of his official capacity claims against Appellants Tabron, Rosier, Jonathan David, and Daniel Thurston on Eleventh Amendment grounds, or the dismissal of certain individual capacity claims against David and Thurston on the basis of prosecutorial immunity, we find no reversible error in the district court's rulings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 270-73 (1993) (prosecutorial immunity); *Bland v. Roberts*, 730 F.3d 368, 389-90 (4th Cir. 2013) (Eleventh Amendment); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006) (Eleventh Amendment and prosecutorial immunity).

3

dismissal). Rule 12(b)(1) dismissal is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017) (internal quotation marks omitted). Rule 12(b)(6) dismissal is warranted unless the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In evaluating a Rule 12(b)(6) motion, this Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

We review de novo a district court's order granting summary judgment, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In establishing the existence of a genuine issue for trial, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) (internal quotation marks omitted).

Liberally construed, Norton's Fourth Amendment claims against all Appellees alleged "a Fourth Amendment [unreasonable] seizure that incorporates elements of the

4

analogous common law tort of malicious prosecution." *Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014) (internal quotation marks omitted). To establish such a claim, a plaintiff must demonstrate that (1) the defendant seized the plaintiff "pursuant to legal process that was not supported by probable cause," and (2) the criminal proceedings terminated in the plaintiff's favor. *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted). "Probable cause . . . means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed an offense." *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017) (alterations and internal quotation marks omitted), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Feb. 12, 2018) (No. 17-1185); *see Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017); *Graham v. Gagnon*, 831 F.3d 176, 184 (4th Cir. 2016).

"It has long since been settled by the Supreme Court that an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham*, 690 F.3d at 189. But "a grand jury's decision to indict will not shield a police officer who deliberately supplied misleading information that influenced the decision." *Massey*, 759 F.3d at 356-57 (internal quotation marks omitted). False statements or omissions violate the Fourth Amendment only if they are both "material, that is, necessary to the finding of probable cause," and "made deliberately or with a reckless disregard for the truth." *Id.* at 357 (internal quotation marks omitted). Further, an investigating "officer may not disregard readily available exculpatory evidence of which he is aware," but his "failure to pursue a potentially

5

exculpatory lead is not sufficient to negate probable cause." *Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000); *see Munday*, 848 F.3d at 254.

In view of these standards, we conclude that the district court properly determined that Norton's Fourth Amendment claims against all Appellees except Tabron and Regner were subject to dismissal under Rule 12(b)(6). Notably, the grand jury indictments against Norton "conclusively determine[d] the existence of probable cause" to support his arrest and prosecution. *See Durham*, 690 F.3d at 189. Norton's allegations that Appellees other than Tabron and Regner provided false or misleading information to the magistrate and grand jury when obtaining his arrest warrants and indictments were simply insufficient to support a plausible claim for relief.

Further, our review of the summary judgment record supports the district court's conclusion that Tabron and Regner were entitled to summary judgment. Again, the grand jury's indictments conclusively established probable cause, *see Durham*, 690 F.3d at 189, and Norton failed to adduce any evidence to support his bare assertions that Tabron and Regner lied to the prosecutor, magistrate, or grand jury. Norton faults Tabron and Regner for failing to conduct additional avenues of investigation, and he argues that certain facts precluded the issuance of valid warrants or indictments. However, we conclude that the issues Norton identifies are not fatal to probable cause. *See Munday*, 848 F.3d at 254; *Wadkins*, 214 F.3d at 541. In any event, any deficiencies in the evidence or investigation were not so glaring as to deny Tabron and Regner the protection of qualified immunity. *See Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015) (recognizing that qualified immunity "gives government officials breathing room to make reasonable but

6

mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law" (internal quotation marks omitted)). The district court's summary judgment ruling therefore was proper.

Turning to Norton's challenge to the protective order, we review the district court's entry of a protective order for abuse of discretion. *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 542 (4th Cir. 2004); *see Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 426 (4th Cir. 1996) (recognizing district court's "nearly unfettered discretion" regarding discovery matters). Unless limited by a court order, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 26(c) (permitting district court to enter protective order to limit discovery).

The district court's protective order permitted the parties to disclose and utilize the State Bureau of Investigation ("SBI") file related to Norton's prosecution, which was central to the parties' dispute, but restricted disclosure to certain individuals and uses. Under North Carolina law, the SBI file was a nonpublic record subject to release only by court order. N.C. Gen. Stat. § 132-1.4(a), (b) (2017); *Gannett Pac. Corp. v. N.C. State Bureau of Investigation*, 595 S.E.2d 162, 164 (N.C. Ct. App. 2004); *see McCormick v. Hanson Aggregates Se., Inc.*, 596 S.E.2d 431, 467 (N.C. Ct. App. 2004); *News & Observer Pub. Co. v. State*, 322 S.E.2d 133, 135 (N.C. 1984). Because the district court's protective order appropriately balanced the needs of the parties with the public interest in preserving the secrecy of the information contained in the file, we find no abuse of discretion in the court's order.

7

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*