**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1157**

LIBERTY COUNSEL, INC.,

Plaintiff - Appellant,

v.

GUIDESTAR USA, INC.,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, District Judge. (4:17-cv-00071-RAJ-DEM)

Submitted: August 30, 2018                    Decided: September 11, 2018

Before WILKINSON and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mathew D. Staver, Horatio G. Mihet, Roger K. Gannam, Daniel J. Schmid, LIBERTY COUNSEL, Orlando, Florida, for Appellant. Sona Rewari, HUNTON ANDREWS KURTH LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Liberty Counsel, Inc., ("Liberty") appeals the district court's order granting GuideStar USA, Inc.'s ("GuideStar") motion to dismiss Liberty's complaint for failure to state a claim. Liberty asserted a violation of the Lanham Act, 15 U.S.C. § 1125 (2012), as well as Virginia state law claims of defamation and interference with business expectancy. For the reasons that follow, we affirm.

We review a district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo, "assuming as true the complaint's factual allegations and construing all reasonable inferences in favor of the plaintiff." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

According to the complaint, GuideStar is a nonprofit organization that maintains an extensive online directory of profiles on other nonprofits, including Liberty, an organization dedicated to advancing Christian causes. After the Southern Poverty Law Center ("SPLC") designated Liberty as a hate group, GuideStar added a banner to Liberty's online profile stating that Liberty "was flagged as a hate group by the Southern Poverty Law Center." Liberty disputed SPLC's characterization and brought the instant action against GuideStar, seeking damages and an injunction against GuideStar's

2

republication of the hate group banner. The district court dismissed Liberty's Lanham Act claim on the basis that the banner did not constitute commercial speech.[1]

The Lanham Act prohibits the use of false or misleading representations of fact, "in commercial advertising or promotion," that misrepresent the quality "of another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). Guiding the district court's decision was its analysis of the term "commercial advertising or promotion." However, the Lanham Act contains no definition of "commercial advertising or promotion," and neither the Supreme Court nor this Court has interpreted this phrase, in a published opinion. *See Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 F. App'x 251, 256 (4th Cir. 2017). Because we conclude that the complaint failed to allege that GuideStar's banner was either false or misleading, we need not assess the propriety of the district court's analysis.

"For liability to arise under the false advertising provisions of the Lanham Act, the contested statement or representation must be either false on its face or, although literally true, likely to mislead and to confuse consumers given the merchandising context." *PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 120 (4th Cir. 2011) (internal quotation marks omitted). "[I]f a plaintiff's theory of recovery is premised upon a claim of implied falsehood, a plaintiff must demonstrate, by extrinsic evidence, that the

---

[1] The district court declined to exercise supplemental jurisdiction over, and dismissed without prejudice, Liberty's state law claims.

challenged advertisements tend to mislead or confuse consumers." *Id.* (brackets and internal quotation marks omitted).

By repeatedly acknowledging SPLC's designation of Liberty as a hate group, the complaint made clear that GuideStar's banner was literally true—that is, that SPLC had, in fact, labeled Liberty a hate group. Liberty's complaint maintained that the banner was misleading, however, and had actually deceived Liberty's donors and potential donors. But a complaint must state facts demonstrating that the defendant's liability is plausible, not merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Here, other than identifying a broad swath of people whom the banner allegedly deceived, Liberty baldly alleged customer confusion without providing "further factual enhancement." *Id.* (internal quotation marks omitted). We therefore find the allegations in the complaint insufficient to state a violation of the Lanham Act.[2]

Accordingly, we affirm the district court's judgment on the ground that Liberty failed to adequately plead that GuideStar's banner was false or misleading. *See McMahan v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 964 F.2d 1462, 1467 (4th Cir. 1992) ("We of course have the power to affirm a judgment for any reason appearing on the record, notwithstanding that the reason was not addressed

---

[2] Liberty does not dispute the dismissal of its state law claims.

4

below.").[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Because Liberty never sought leave to amend its complaint, we reject the argument that the district court abused its discretion by not granting Liberty permission to amend. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) ("Regardless of the merits of the desired amendment, a district court does not abuse its discretion by declining to grant a motion that was never properly made." (internal quotation marks omitted)).