**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-1583**

BARRY MCCABE,

       Plaintiff - Appellant,

   v.

FAIRFAX COUNTY ANIMAL SHELTER,

       Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:19-cv-00053-CMH-TCB)

Submitted:  March 19, 2020                    Decided:  March 31, 2020

Before WILKINSON, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barry McCabe, Appellant Pro Se.  Kimberly Pace Baucom, Assistant County Attorney, FAIRFAX COUNTY ATTORNEY'S OFFICE, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry McCabe appeals the district court's order dismissing his 42 U.S.C. § 1983 (2018) action against the Fairfax County Animal Shelter ("FCAS") based on FCAS's motion to dismiss for lack of personal jurisdiction and failure to state a claim filed pursuant to Fed. R. Civ. P. 12(b)(2), (6).[*] McCabe alleged that FCAS was liable for an unconstitutional taking of his property under the Fifth Amendment after his dog, Kaiser, was killed by another dog, Odin. According to the complaint, Odin's owner adopted Odin from FCAS in January 2016, and FCAS intentionally failed to disclose Odin's violent history. In June 2016, Odin's owner was training him off-leash in a public area when Odin attacked McCabe and Kaiser, killing Kaiser.

We review de novo a district court's dismissal under Rule 12(b)(2) or 12(b)(6). *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (Rule 12(b)(6)); *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (Rule 12(b)(2)). In evaluating a Rule 12(b)(2) motion, if "the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima

---

[*] In addition to his § 1983 claim, McCabe also brought various state law claims that the district court dismissed without prejudice to McCabe's ability to file the claims in the appropriate court. We conclude that the district court did not abuse its discretion by dismissing the remaining state law claims without prejudice after dismissing all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (2018) (permitting district court to decline supplemental jurisdiction when court "dismissed all claims over which it ha[d] original jurisdiction"); *Jordahl v. Dem. Party of Va.*, 122 F.3d 192, 203 (4th Cir. 1997) (reviewing dismissal of state law claims for abuse of discretion).

facie showing of personal jurisdiction to survive [a] jurisdictional challenge." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016) (emphasis omitted). When deciding whether the "plaintiff has made the requisite prima facie showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff." *Id.* (emphasis omitted).

"In Virginia, an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued." *Harrison v. Prince William Cty. Police Dep't*, 640 F. Supp. 2d 688, 711 (E.D. Va. 2009) (internal quotation marks omitted); *see* Fed. R. Civ. P. 17(b)(3) (providing that capacity of defendant to be sued based on "law of the state where the court is located"). The Fairfax County Board of Supervisors established FCAS pursuant to Va. Code Ann. § 3.2-6546(B) (Supp. 2019), which provides that "[t]he governing body of each county . . . shall maintain or cause to be maintained a public animal shelter." *See* Fairfax Cty. Code § 41.1-2-5 (2020) (establishing that "County Animal Shelter shall be operated and maintained in accordance with Virginia law"). There is no statutory provision in the Virginia Code that renders FCAS subject to suit. Accordingly, FCAS lacks the capacity to be sued. Although McCabe argues that this can be remedied by substituting Fairfax County itself as defendant, such substitution would be futile because the complaint also was properly dismissed for failure to state a claim for relief.

In evaluating a Rule 12(b)(6) motion, "we accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). "To survive a [Rule 12(b)(6)]

3

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"The Takings Clause of the Fifth Amendment states that private property shall not be taken for public use, without just compensation." *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019) (internal quotation marks omitted). "[A] government violates the Takings Clause when it takes property without compensation, and . . . a property owner may bring a Fifth Amendment claim under § 1983 at that time." *Id.* at 2177. McCabe's theory of liability was grounded on his allegation that FCAS failed to disclose Odin's violent history in order to facilitate his adoption, as part of a broader policy of knowingly adopting out dangerous dogs. However, Odin was neither in FCAS's possession nor under its control at the time of the attack, which occurred almost six months after Odin's adoption. Odin's owner made the decision to have Odin off-leash in a public area. Accepting McCabe's well-pled allegations as true, there has been no actual government interference with his property. *See Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 329-30 (4th Cir. 2005). Therefore, although we grant McCabe's motion to exceed the length limitation for his informal brief, we affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4