**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 21-1023

JEFFREY HOWELL; PEGGY HOWELL,

        Plaintiffs - Appellants,

      v.

THE COUNTY COMMISSION OF HAMPSHIRE COUNTY, WEST VIRGINIA;
JOHN P. ALKIRE, Sheriff of Hampshire County, West Virginia, In his Official
Capacity; PHOEBE LAHMAN, Personally and in Her Official Capacity as a
Hampshire County Sheriff's Deputy,

        Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at
Martinsburg. Gina M. Groh, Chief District Judge. (3:20-cv-00183-GMG)

Submitted: December 17, 2021              Decided: January 6, 2022

Before THACKER and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Christian John Riddell, Dylan Kief Batten, RIDDELL LAW FIRM, Martinsburg, West
Virginia, for Appellants. James W. Marshall, III, Adam K. Strider, BAILEY & WYANT,
PLLC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey and Peggy Howell appeal the district court's order granting Defendants' motion to dismiss their 42 U.S.C. § 1983 complaint.* Finding no reversible error, we affirm the district court's order.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020). "A court may grant a [Rule] 12(b)(6) motion on statute of limitations grounds only if the time bar is apparent on the face of the complaint." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted). And we may "affirm on any grounds supported by the record." *Attkisson v. Holder*, 925 F.3d 606, 624 (4th Cir. 2019) (internal quotation marks omitted).

---

\* The Howells named as defendants the County Commission of Hampshire County, West Virginia, Sheriff John Alkire, and Sheriff's Deputy Phoebe Lahman.

Because § 1983 does not contain its own statute of limitations, federal courts apply the forum state's most analogous statute of limitations, generally the limitations period applicable to personal injury actions. *See Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 388 (4th Cir. 2014). The parties agree that West Virginia's two-year statute of limitations applies in this case. W. Va. Code Ann. § 55-2-12(b) (LexisNexis 2021).

While we apply West Virginia's two-year statute of limitations, federal law controls when the statute of limitations begins to run. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). In other words, "for purposes of a § 1983 claim, a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice— e.g., by the knowledge of the fact of injury and who caused it—to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Id.*

Here, the Howells knew that Phoebe Lahman shot their dog, Rascal, on August 4, 2018. However, they did not file their complaint until August 24, 2020. While the Howells contend that they did not learn that Lahman lacked a valid reason to be on their property until they obtained a copy of an incident report on August 24, 2018, this is not relevant to the analysis. The Howells admit that they knew Rascal did not pose a threat to Lahman on August 4 and thus they were aware that Lahman's actions potentially violated their constitutional rights. Therefore, the limitations period was already running when the Howells discovered the incident report because they were aware of the basic facts

3

underlying their claims such that a reasonable inquiry would (and did) reveal the additional facts contained in the report.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*