**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-1725**

———————————

E.R.,

                Plaintiff - Appellant,

        v.

BEAUFORT COUNTY SCHOOL DISTRICT,

                Defendant – Appellee.

------------------------------

CHILD USA,

                Amicus Supporting Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Beaufort. David C. Norton, District Judge.  (9:22-cv-04482-DCN)

———————————

Argued:  May 8, 2025                                    Decided:  June 11, 2025

———————————

Before DIAZ, Chief Judge, and WYNN and THACKER, Circuit Judges.

———————————

Vacated and remanded by published opinion.  Judge Thacker wrote the opinion in which Chief Judge Diaz and Judge Wynn joined.

———————————

**ARGUED:**  Sean Ouellette, PUBLIC JUSTICE, Washington, D.C., for Appellant. Stephen Lynwood Brown, CLEMENT RIVERS, LLP, Charleston, South Carolina, for Appellee.  **ON BRIEF:**  Shelby Leighton, Adele P. Kimmel, PUBLIC JUSTICE,

Washington, D.C.; Joshua Slavin, THE LAW OFFICES OF JOSHUA E. SLAVIN, Mount Pleasant, South Carolina, for Appellant.  Duke R. Highfield, Russell G. Hines, Graydon V. Olive, IV, CLEMENT RIVERS, LLP, Charleston, South Carolina, for Appellee.  Naomi M. Mann, Access to Justice Clinic, BOSTON UNIVERSITY SCHOOL OF LAW, Boston, Massachusetts, for Amicus Child USA.

THACKER, Circuit Judge:

E.R. ("Appellant") appeals the district court's dismissal of her Title IX claim against the Beaufort County School District ("Appellee"). Appellant filed a complaint alleging that Appellee failed to appropriately respond to her reports of sexual abuse and harassment while she was a student. The district court applied the two year statute of limitations found in the South Carolina Tort Claims Act ("SCTCA") and determined that Appellant's claims were not timely because they were not filed within two years of her turning 18. Because we conclude that South Carolina's statute of limitations for general personal injury claims applies -- rather than the SCTCA's statute of limitations -- we vacate the district court's decision.

## I.

Appellant alleges that while she was a high school student in Beaufort County's public schools, she was sexually assaulted four times by three different male students. Though the assaults occurred outside of school, Appellant reported them to school officials, who she claims failed to appropriately respond. In addition, when other students became aware of the alleged assaults, Appellant claims she was subjected to "bullying, harassment, and sexual harassment" by other students during school hours. J.A. 6–9.[1] Appellant and her mother reported the bullying, harassment, and sexual harassment to school officials but, again, Appellant alleges they failed to appropriately respond.

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

Appellant sued Appellee in South Carolina state court on November 4, 2022. Appellant's complaint against Appellee asserted a cause of action pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and a cause of action pursuant to state law for negligence and gross negligence. Appellee removed the case to federal court and, subsequently, moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Appellant's claims were untimely because they were filed after the relevant statute of limitations period expired.

Appellee argued that, pursuant to the SCTCA, S.C. Code section 15-78-110, the relevant statute of limitations for both claims was two years after Appellant turned 18. The SCTCA provides "the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents," subject to certain exceptions not relevant here. Thus, it applies only to state law tort claims against government entities, including public school districts like Appellee. Appellant conceded that the SCTCA applied to her state law claim for negligence and gross negligence, and the district court accordingly dismissed that claim. But Appellant argued that the SCTCA did not provide the relevant statute of limitations for her Title IX claim. Instead, Appellant argued that the "most analogous" state law claim, which is the one federal courts borrow for statute of limitations purposes, was S.C. Code section 15-3-555. That section permits an action for damages for an injury "arising out of an act of sexual abuse" to be brought before the victim turns 27 or within three years of the discovery of a causal relationship between the injury and the sexual abuse. In the alternative, Appellant argued that the most analogous cause of action was personal injury, and that the district court should apply the three year statute of

4

limitations applicable to general personal injury claims, rather than the two year statute of limitations provided in the SCTCA for claims against government entities.

After briefing and a hearing, the district court determined that the SCTCA provided the appropriate statute of limitations for Appellant's Title IX claim and dismissed her claim because it was filed more than two years after she turned 18.

Appellant timely filed this appeal.

## II.

We review a district court's decision to dismiss for failure to state a claim de novo. *See Fairfax v. CBS Corp.*, 2 F.4th 286, 291 (4th Cir. 2021); *see also Reid v. James Madison Univ.*, 90 F.4th 311, 318 n.7 (4th Cir. 2024).

## III.

Title IX prohibits sex discrimination by recipients of federal education funding. The statute provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Like other federal civil rights statutes, including 42 U.S.C. § 1983, Title IX does not contain a statute of limitations. "Thus, to determine the timely filing of a [Title IX claim], courts borrow the statute of limitations from the most analogous state-law cause of action." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 388 (4th Cir. 2014) (citing 42 U.S.C. § 1988(a)); *see also Reid v. James Madison Univ.*, 90 F.4th 311, 318–19 (4th Cir. 2024) (explaining that the statute of limitations in Title IX cases, like § 1983 cases, is "governed by" the "most analogous state-law cause of action").

5

The Supreme Court has explained, "[a]n appropriate limitations period must be responsive to the[] characteristics of litigation under the federal statutes." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984). "A state law is not 'appropriate' if it fails to take into account practicalities that are involved in litigating federal civil rights claims and policies that are analogous to the goals of the Civil Rights Acts." *Id.* And, importantly, "courts are to apply state law only if it is not inconsistent with the Constitution and laws of the United States." *Id.* at 48 (citation and internal quotation marks omitted); *see also Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 367 (1977) ("State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies.").

## A.

In order to determine the appropriate statute of limitations here, we must decide which state law cause of action is "most analogous" to Appellant's Title IX claim. The parties each aver that our circuit takes a case by case approach, examining the facts as pled and determining which state law cause of action is most factually analogous. Taking this approach, the district court determined that the most analogous cause of action to Appellant's Title IX claim was the South Carolina tort of negligent supervision. And because Appellee, as a state government entity, can only be sued in tort pursuant to the SCTCA, the district court determined that the SCTCA's two year statute of limitations applies.

6

First, we do not agree that our case law commands such an expansive case by case analysis. The analysis is not that complicated. In *Wilson v. Garcia*, the Supreme Court considered which state law cause of action should provide the statute of limitations in the context of § 1983, which also borrows the statute of limitations from the "most analogous" state law claim. 471 U.S. 261, 268 (1985). The Court explained that when Congress enacted § 1983, it was "unlikely that Congress actually foresaw the wide diversity of claims that the new remedy would ultimately embrace." *Id.* at 275. Instead, the Court determined that "[t]he simplicity of the admonition in § 1988 is consistent with the assumption that Congress intended the identification of the appropriate statute of limitations to be an uncomplicated task for judges, lawyers, and litigants, rather than a source of uncertainty, and unproductive and ever-increasing litigation." *Id.* Because § 1983 created a "uniquely federal remedy" that could "have no precise counterpart in state law," the Court determined that "§ 1983 claims are best characterized as personal injury actions." *Id.* at 271–72, 280. Therefore, the Court instructed lower courts to apply the statute of limitations application to a state law personal injury claim for all § 1983 actions.

Although *Wilson* considered only § 1983 claims, it is instructive here because Title IX has the same borrowing provision and serves federal interests similar to § 1983. In determining the most analogous state law cause of action, then, we must be mindful that "[t]he federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support" the use of a single statute of limitations within each state for Title IX claims. *Wilson*, 471 U.S. at 275. As we have previously recognized, rather than taking a case by case approach, "every circuit to consider [this] issue has held that Title

7

IX . . . borrows the relevant state's statute of limitations for personal injury." *Reid*, 90 F.4th at 319; *see Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) (collecting cases). We agree with our sister circuits and hold that Title IX claims in this circuit borrow the statute of limitations from a state's personal injury cause of action.

Appellant cites to cases in the context of The Rehabilitation Act of 1973 for the proposition that we have established a different rule and take a case by case approach.[2] *See* Appellant's Opening Br. at 24–25 (citing *Semenova v. Maryland Transit Admin.*, 845 F.3d 564 (4th Cir. 2017); *Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655 (4th Cir. 2018)). But those cases are inapposite here. In *Wolskey v. Medical College of Hampton Roads*, we explained that, unlike § 1983, the federal Rehabilitation Act *can* have "an exact state law counterpart" that is the "most analogous" cause of action, such that it provides the statute of limitations. 1 F.3d 222, 225 (4th Cir. 1993). And we have made clear that "an exact state law counterpart" exists when the state statute "was enacted with the same legislative purpose[,] . . . reflect[s] that purpose by tracking the language of the [federal statute,] and provid[es] for similar protections." *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 130 (4th Cir. 1994). That is, while the state law counterpart need not "be identical," it must provide "substantially the same rights and remedies" as the federal statute in order to supply the relevant statute of limitations. *Semenova*, 845 F.3d at 567 (cleaned up). But where there is no exact state counterpart, we have held -- consistent with

---

[2] Appellant urges us to take such an approach in support of her contention that South Carolina's six year statute of limitations for claims arising out of sexual abuse should apply. We explain later why that is not correct.

*Wilson* -- that a state's general personal injury or general civil action statute of limitations applies. *See id.*

In the present case, neither party identifies, nor are we aware of, any exact South Carolina counterpart to Title IX. Indeed, it would be difficult to imagine a state law counterpart to Title IX, given that Title IX is "a specific federal statute designed primarily to prevent recipients of federal financial assistance from using the funds in a discriminatory manner." *Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 292 (1989). Therefore, we apply the statute of limitations applicable to South Carolina personal injury claims.

### B.

Our conclusion that a personal injury statute of limitations applies does not end the discussion because each of the statutes of limitations offered by the parties is derived from a variation of a personal injury claim. Appellee's preferred statute of limitations comes from the SCTCA, which allows suits, including those for personal injury, against government entities. And Appellant's preferred statutes of limitations come from the general personal injury statute and the cause of action for personal injury arising out of an act of sexual abuse. Therefore, we must determine which limitations period should apply here.

Here, too, the Supreme Court's § 1983 jurisprudence is instructive. After *Wilson*, the Court recognized that it had "not completely eliminated the confusion over the appropriate limitations period for § 1983 claims" because some states have "multiple statutes of limitations for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 241 (1989). In *Owens*, the Court sought to "provide [lower] courts with a rule for determining

9

the appropriate personal injury limitations statute that can be applied with ease and predictability in all 50 States." *Id.* at 243. The Court held, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50. Despite Appellee's insistence to the contrary, we see no principled reason why the same rule should not apply here. As we have already clarified, this circuit does not apply the case by case, fact specific approach the parties urge us to undertake. Instead, in order to promote the "federal interests in uniformity, certainty, and the minimization of unnecessary litigation," *Wilson*, 471 U.S. at 275, we conclude that courts considering Title IX claims should borrow the statute of limitations applicable to general personal injury claims. Therefore, both Appellee's argument in favor of the SCTCA's statute of limitations, as well as Appellant's argument in favor of the statute of limitations for claims arising out of sexual abuse, fail.

## IV.

In this case, there is no dispute that Appellant's claims are timely pursuant to South Carolina's three year statute of limitations for general personal injury claims. *See* Oral Argument at 14:02–15, *E.R. v. Beaufort Cnty. Sch. Dist.*, No. 24-1725 (4th Cir. May 8, 2025), http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments (Appellee's counsel explaining, "[i]t is conceded, it was conceded in front of the trial judge, that if you come under the general statute of limitations in South Carolina . . . E.R.'s claim is timely.").

10

Therefore, we vacate the district court's order dismissing E.R.'s complaint as untimely and remand for further proceedings consistent with this opinion.[3]

*VACATED AND REMANDED*

---

[3] Given our ruling, we decline to address Appellant's contentions that (1) 42 U.S.C. § 2000d-7 prohibits a court from applying a more restrictive limitations period for state (as opposed to private) entities in Title IX claims, and (2) the purpose of the SCTCA is "flatly 'inconsistent' with a core purpose of Title IX and federal civil rights law: to provide equal and effective federal remedies against both private and public schools." Appellant's Opening Br. at 16.

11